DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WING KEI HO** and **KAREN YEH-HO,**
Appellants,

v.

**FOUNTAINS OF PALM BEACH CONDOMINIUM, INC. #3,**
Appellee.

No. 4D21-2276

[December 21, 2022]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Paige Hardy Gillman, Judge; L.T. Case No. 50-2015-CA-014371-XXXX-MB.

Wing Kei Ho and Karen Yeh-Ho, Boynton Beach, pro se.

Lilliana M. Farinas-Sabogal and Howard Perl of Becker & Poliakoff, P.A., Coral Gables, for appellee.

CONNER, J.

Appellants, Wing Kei Ho and Karen Yeh-Ho ("Owners"), appeal the denial of their motion to vacate a final judgment and writ of execution entered in favor of Appellee, Fountains of Palm Beach Condominium, Inc. #3 ("the Association"). Owners argue that the trial court erred because the judgment was obtained by fraud and was void because they were denied due process. We affirm the trial court without discussion as to Owners' argument that the final judgment was fraudulently entered. However, we agree that the final judgment is void as a matter of law and reverse.

In a prior appeal of the underlying case, we dismissed in part, reversed in part, and remanded for further proceedings, determining that a judgment awarding attorney's fees was prematurely entered prior to a final judgment disposing of all claims. *Wing Kei Ho v. Fountains of Palm Beach Condo. Inc., No. 3* (*Kei Ho I*), 309 So. 3d 237, 239 (Fla. 4th DCA 2020).

Shortly after remand, the Association filed a motion for final judgment and an award of attorney's fees. The Association argued that the trial court previously granted its motion for summary judgment and requested

that the trial court award it the same amount of attorney's fees which the trial court had previously awarded in the "premature" judgment.

Less than three hours after the motion was filed, the trial court entered an "order and final judgment" against Owners, which included a final judgment as to attorney's fees. A few hours later, the trial court entered an "amended order and final judgment," which was virtually the same as the "order and final judgment" entered a few hours earlier, save for the correction of the date on which the "order and final judgment" was signed.

Six months later, a writ of execution was entered against Owners. Owners then filed a motion to vacate the final judgment and the writ of execution, citing Florida Rules of Civil Procedure 1.540(b)(3) and (4). The motion to vacate was denied, and Owners again gave notice of appeal.

We agree with the Owners that the amended final judgment as to the complaint and awarding attorney's fees entered after remand is void.[1] The judgment is virtually identical to the judgments reviewed in *Kei Ho I*, and thus suffers the same deficiencies. The amended final judgment after remand does not adjudicate in a final fashion any of the issues raised in the complaint and is therefore void. *See Kei Ho I*, 309 So. 3d at 239. Further, because the amended final judgment contains no final adjudication as to the complaint, the final judgment awarding attorney's fees after remand is premature and void. *See id.*

*Reversed and remanded for further proceedings.*

WARNER and DAMOORGIAN, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**

---

[1] One of Owners' due process arguments is that the final judgment as to the complaint after remand was entered without a hearing and without evidence. Our determination that the judgments entered on remand are void as a matter of law renders Owners' due process arguments moot.